# IN RE CAKE.

PATENTS; ANTICIPATION; NOVELTY.

**1.** An alleged improvement in bottle caps, consisting of a metallic cap having a projection of a length substantially equal to the height of the cap depending from the side thereof and used to facilitate removal of the cap, is anticipated by prior patents in which the same elements are disclosed, but having longer projections, used, however, in the same way to accomplish the same result.

**2.** A device of the above description formed from circular blanks, the projecting portion of which is to be comprised of material from between cuttings of adjacent blanks, is anticipated by a patent in which blanks for milk-bottle stoppers provided with tabs to assist in removing them are cut from a blank so as to utilize all of the material lying between adjacent cuttings.

No. 778.    Patent Appeals.    Submitted November 12, 1912.    Decided December 30, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents, rejecting an application for a patent.    *Affirmed.*

The facts are stated in the opinion.

*Mr. George W. Ramsey* for the appellant.

*Mr. W. R. Ballard* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents, denying an application for a patent for an improvement in bottle caps, with eight claims, as follows:

1. A bottle stopper comprising a metallic cap designed to

be secured to a bottle neck by crimping and means integral with said cap adapted to facilitate the removal of said cap from said bottle neck, said means being of a length substantially equal to the height of said cap.

2. A bottle stopper comprising a metallic cap adapted to be retained upon a beaded bottle neck, a resilient pad carried by said cap and means integral with said cap to facilitate the cap's removal from a bottle neck, said means extending below the normal edge of said cap to a length substantially equal to the height of said cap.

3. A bottle stopper comprising a metallic cap adapted to have its edges corrugated around a beaded bottle neck projecting corrugated means integral with said cap, said projecting means being adapted to facilitate the removel of said cap from the neck of a bottle, said means extending below the normal edge of said cap to a length substantially equal to the height of the side walls of said cap.

4. A bottle stopper comprising a metallic cap designed to be secured to a bottle neck, projecting means integral with said cap, said projecting means constituting a lever whereby said cap may be removed from a bottle neck, said projecting means extending from the normal edge of said cap to a length substantially equal to the height of the side walls of said cap.

5. A bottle stopper comprising a cap adapted to co-operate with the top and exterior of a bottle neck in order to seal a bottle, a resilient pad carried by said cap, projecting means integral with said cap and extending substantially in the direction of the axis of the bottle neck, said projecting means constituting a bottle opener, said projecting means extending below the normal edge of said cap to a distance substantially equal to the height of the side walls of said cap.

6. A bottle stopper comprising a cap made from sheet material and having crimped edges which are adapted to co-operate with the beaded bottle neck in such manner as to seal a bottle when the cap is in normal position upon a bottle, a projection formed upon the edge of said cap, said projection compris-

ing material from between circular cuttings which form the major portion of other similar caps.

7. A bottle stopper comprising a cap having downwardly depending crimped edges, a crimped projection extending in the direction of said edges, said projecting portion being formed from material between cuttings of adjacent blanks.

8. A bottle stopper comprising a cap having crimped edges which are adapted to co-operate with a beaded bottle neck in such manner as to seal said bottle, said bottle cap being formed from a blank having a circular portion and a projecting portion, said projecting portion comprising material from between cuttings of adjacent blanks, the crimping of said bottle cap extending substantially around the entire edge wall of said cap and including said projecting portion.

The applicant's device differs from the crown seal cap, in common use, in that it has a projection depending from one side to facilitate removal. Claims 1 to 5, inclusive, indicate that the length of the depending member is substantially equal to the height of the cap. Claims 6, 7, and 8 specify that the projection is formed from material between the cuttings of adjacent blanks. The denial of patentability is based on the reference to three former patents: Rese, June 30, 1908; Aliber, May 11, 1909; Miller, August 17, 1909. An examination of those patents, and comparison with the specifications and claims of the application, convince us that there was no error in rejecting the application.

The reasons for the rejection are so fully and clearly stated in the several opinions of the Patent Office tribunals that additional discussion would subserve no useful purpose, and we content ourselves with a reference to them.

The decision is affirmed. The clerk will certify this decision to the Commissioner of Patents.          *Affirmed.*